# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No.

THE CINCINNATI INSURANCE COMPANY.,

   **Plaintiff,**

v.

ROCK AND WATER INTERNATIONAL, LLC; TRACY LYNN HENRY; and DARREN SEAN HENRY

   **Defendants.**

## COMPLAINT

Plaintiff, Cincinnati Insurance Company, through its undersigned counsel, submits its Complaint against Rock and Water International, LLC, Tracy Lynn Henry, and Darren Sean Henry (collectively "Defendants").

### I.     PARTIES

1.     Cincinnati Insurance Company ("Cincinnati") is an Ohio commercial surety company with offices located in Cincinnati, Ohio, and is authorized to conduct business in the State of Colorado.

2.     Haselden Resort Constructors, LLC ("HRC") is a Colorado corporation, authorized to conduct business in the state of Colorado, with a principal place of business located at 6950 South Potomac Street, Ste. 100, Centennial, CO 80112.

3. Upon information and belief, Rock and Water International, LLC ("R&W") is an Idaho corporation, authorized to conduct business in the state of Colorado, and with a principal place of business located at 18006 N. Pope Road, Hayden, ID 83854.

4. Upon information and belief, Darren and Tracy Henry are Idaho residents with an address of 24649 N. Rimrock Rd, Hayden, ID 83835.

## II. JURISDICTION/VENUE

5. This Court has personal jurisdiction over the Defendants because Defendants all transacted business in Colorado and, therefore, have purposefully availed themselves of the benefits and privileges of conducting business in the forum state.

6. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 (diversity) because the amount of Plaintiff's claims against Defendants, jointly and severally, exceeds $75,000, and Plaintiff is a citizen of a different state than each of the Defendants.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Colorado.

8. The Court's personal jurisdiction over all Defendants has been expressly authorized by all Defendants via a General Indemnity Agreement ("GIA") dated December 7, 2016, a copy of which is enclosed as Ex. 1 and incorporated herein by reference.

## III. GENERAL ALLEGATIONS

9. On or about March 31, 2017, Cincinnati, as surety, issued a Subcontractor Performance Bond ("Bond"), identified as Bond No. B-9120325 on behalf of R&W, as principal,

related to or for R&W's use on a project for HRC, located at 155 Steele Street, Denver, CO 80206.

10. A copy of the Bond is attached as Ex. 2 and incorporated herein by reference. A copy of the R&W-HRC project Contract and Work Authorization is attached as Ex. 3 and incorporated herein by reference.

11. Pursuant to the terms of the Bond, a suretyship relationship exists. Cincinnati has guaranteed that if R&W fails to take certain actions, the underlying bonded obligation will become due, and Cincinnati will pay the debt.

12. As consideration for Cincinnati issuing the Bond, and for other consideration, Defendants each executed the GIA.

13. On or around April 8, 2018, newly appointed owner of R&W, Nick Henry, advised HRC that it was temporarily closed and was unable to fulfill its obligation to HRC.

14. On or around April 18, 2018, HRC asserted a claim against Cincinnati and R&W under the Performance Bond in the amount of $156,321.44. A copy of HRC's claim is attached hereto as Ex. 4, and incorporated herein by reference.

15. As a result of HRC's claim against Cincinnati, Cincinnati repeatedly demanded pursuant to the GIA and common law that Defendants defend and indemnify Cincinnati from and against HRC's claims and to post collateral in a form and amount acceptable to Cincinnati to protect itself from and against HRC's claims.

16. A copy of Cincinnati's most recent demand to Defendants is attached as Ex. 5 and incorporated herein by reference.

17. To date, none of the Defendants have paid any funds to Cincinnati, which constitutes a material breach of the GIA and has and continues to cause significant and irreparable harm to Cincinnati.

18. Cincinnati stands exposed to potential liability for costs and expenses relating to the performance bond claims that can be, or are being, asserted by HRC.

19. Cincinnati has also incurred, and continued to incur, attorney's fees, costs and expenses relating to its evaluation and administration of the aforementioned claims as well as its efforts to pursue reimbursement from Defendants.

20. Cincinnati will continue to incur attorney's fees, costs, and expenses related to aforementioned claims, any additional claims, and pursuing claims against Defendants in this matter. Cincinnati may also incur additional payments related to the Bond to the extent appropriate.

21. All conditions precedent to bringing and maintaining this action have been met or have occurred.

## FIRST CLAIM FOR RELIEF
### (Breach of Express Contract against Defendants)

22. Cincinnati hereby incorporates by reference all the allegations contained above as though full set forth herein.

23. Defendants entered into a valid and enforceable contract, the GIA, with Cincinnati.

24. Cincinnati has substantially performed its obligations, if any, under the GIA.

25. Under the clear, express, and unambiguous terms of the GIA, Defendants are each required to, among other things, defend and indemnity Cincinnati from and against HRC's claims and/or post collateral upon demand by Cincinnati.

26. Cincinnati has made repeated demand upon Defendants to be indemnified, reimbursed, placed in funds, and provided financial documents pursuant to the GIA.

27. Defendants have each failed to meet his, her, or its obligations under the GIA, which constitutes a material breach of the GIA.

28. Defendants' individual and collective breach of the GIA has damaged Cincinnati, and Defendants are jointly and severally liable to Cincinnati for all losses and expenses incurred by Cincinnati as a result of same, including, but not limited to, interest, attorney's fees and costs, all as provided by the terms of the GIA and prevailing law.

29. Upon information and belief, Defendants have equity in real property and/or have received and continue to receive income and/or intangible benefits from the operation of R&W as a direct result of Plaintiff's issuance of the Bond or other bonds. The interests of equity and fairness dictate that such equity, income, and/or other intangible benefits should be attached and/or frozen until Plaintiff is repaid.

**SECOND CLAIM FOR RELIEF**
**(Common Law Indemnification against R&W)**

30. Cincinnati hereby incorporates by reference all the allegations contained above as though fully set forth herein.

31. R&W, as the principal under the Bond, owes a duty to indemnify and hold harmless Cincinnati from and against any and all liabilities, losses and expenses of whatsoever

kind or nature, including, but not limited to, interest, court costs, expenses, and attorney fees, imposed upon, sustained or incurred by Cincinnati on account of the issuance of the Bond.

32. Cincinnati has made demand upon R&W to be indemnified and placed in funds for all losses sustained or to be sustained as a result of the issuance of the Bond.

33. R&W has failed to meet its obligations to Cincinnati, in breach of its duties.

34. R&W's breach of its duties to Cincinnati has damaged Cincinnati, and Cincinnati is entitled to damages as a consequence thereof.

35. Upon information and belief, Defendants have equity in real property and/or have received and continue to receive income and/or intangible benefits from the operation of R&W as a direct result of Plaintiff's issuance of the Bond or other bonds. The interests of equity and fairness dictate that such equity, income, and/or other intangible benefits should be attached and/or frozen until Plaintiff is repaid.

**THIRD CLAIM FOR RELIEF**
**(Injunctive Relief – Specific Performance against Defendants)**

36. Plaintiff hereby incorporates by reference the allegations contained above as though fully set forth herein.

37. Pursuant to the GIA, each of the Defendants are required to defend, indemnify, and hold harmless Cincinnati and post collateral with Cincinnati upon demand.

38. There is no adequate remedy at law for Cincinnati to recover the benefit of these specific provisions of the GIA.

39. Cincinnati has substantially performed any obligations owed to Defendants under the GIA.

40. Cincinnati requests specific performance of the provisions of the GIA, which require Defendants to place Cincinnati in sufficient funds to cover any possible liability or loss for which the Defendants are or will be obligated to indemnify Cincinnati under the terms of the GIA.

41. Specifically, Cincinnati seeks injunctive relief, including, but not limited to, the imposition of equitable liens on Defendants' real and personal property, including the real property located at 24649 N. Rimrock Rd, Hayden, ID 83835, 18006 N. Pope Rd, Hayden, ID 83835, and any other real property of which Cincinnati becomes aware.

42. Cincinnati seeks additional injunctive relief, including, but not limited to, the imposition of equitable liens on any and all rights, title and interests of Defendants in and to the following: R&W's accounts receivable, securities, rents, proceeds of sale, chattel paper, letters of credit, tax refunds, equipment, inventory and general intangibles; policies of insurance; and intellectual property unless and until Cincinnati is placed in funds.

43. Upon information and belief, Defendants have equity in real property and/or have received and continue to receive income and/or intangible benefits from the operation of R&W as a direct result of Plaintiff's issuance of the Bond or other bonds. The interests of equity and fairness dictate that such equity, income, and/or other intangible benefits should be attached and/or frozen until Plaintiff is repaid.

### FOURTH CLAIM FOR RELIEF
### (Injunctive Relief – Quia Timet Rights against Defendants)

44. Cincinnati hereby incorporates by reference the allegations contained above, as though fully set forth herein.

45. Under the equitable doctrine of *quia timet*, Cincinnati is entitled to have Defendants place funds or other security with Cincinnati sufficient to cover any and all claims, demands and liability for losses, costs, and expenses of whatsoever kind or nature, including but not limited to court costs, counsel fees, costs of investigation, consultant fees, accountant fees, engineer or construction management fees, together with interest thereon at the maximum rate allowed by law, which Cincinnati may sustain or incur by reason or consequence of having issued the Bond on behalf of R&W.

46. Despite demand, Defendants have failed to place Cincinnati in funds in direct contravention of Cincinnati's *quia timet* rights.

47. Unless Defendants' assets are collateralized, Cincinnati will not be adequately secured for its obligations under the Bond.

48. As a result, Cincinnati should be given a valid security interest in the amount of $156,321.44 on any and all rights, title, and interest of Defendants in and to the following: R&W's accounts receivable, securities, rents, proceeds of sale, chattel paper, letters of credit, tax refunds, inventory and general intangibles; policies of insurance; and intellectual property unless and until Cincinnati is placed in funds.

49. Cincinnati is without a plain, speedy, or adequate remedy at law, pecuniary compensation would not afford adequate relief, it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief, and Cincinnati will be irreparably and permanently injured unless this Court grants the injunctive and equitable relief requested herein.

50. Cincinnati is entitled to preliminary and permanent injunctive relief enforcing its *quia timet* rights and granting Cincinnati's demand for specific performance, imposing a lien or liens upon all assets and property in which Defendants have an interest, such lien or liens to remain in place until Cincinnati has been placed in funds in the amount of $156,321.44 and restraining each of Defendants from transferring, disposing or otherwise liquidating any property owned by Defendants, or any of them, real or personal, beyond reasonable living expenses, until Cincinnati has been placed in funds as requested herein.

51. Specifically, a lien in favor of Cincinnati should be placed on the following real property:

- 24649 N. Rimrock Rd, Hayden, ID 83835;

- 18006 N. Pope Road, Hayden, IF 83835;

- Any real or personal property in which Defendants have equity and/or have received and continue to receive income and/or other intangible benefits from the operation of R&W as a direct result of Cincinnati's issuance of the Bond.

- Any other real or personal property of which Cincinnati becomes aware.

52. By not posting collateral and/or providing meaningful access to other financial information, Defendants have been and will continue to be unjustly enriched by keeping funds or other collateral to which Cincinnati is entitled pursuant to the GIA and prevailing law.

53. It would be inequitable for Defendants to retain the benefit of Cincinnati's surety credit and/or the Bond without paying Cincinnati for their value and comply with their obligations under the GIA.

54. Upon information and belief, Defendants have equity in the real property described above and/or have received income and/or other intangible benefits from the operation of R&W as a direct result of Cincinnati's issuance of the Bond or other bonds. The interests of equity and fairness dictate that such equity, income, and/or other intangible benefits should be attached and/or frozen until Cincinnati is repaid.

### FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment – Equitable Liens)

55. Cincinnati hereby incorporates by reference the allegations contained above, as though fully set forth herein.

56. Cincinnati conferred a benefit on the Defendants by extending surety credit and/or issuing the Bond on behalf of R&W.

57. Defendants accepted and appreciated that benefit by profiting from R&W's operations, which would not have been possible without issuance of Cincinnati's surety credit and/or Bond on behalf of R&W.

58. Defendants further accepted and appreciated that benefit by virtue of the equity in their real and personal property as a direct result of these profits, which equity would not have been possible without the issuance of Cincinnati's surety credit and/or Bonds on behalf of R&W.

59. Defendants agreed to post collateral with Cincinnati in exchange for and pursuant to the terms of the GIA.

60. Under these circumstances and given the surety relationship between Cincinnati and Defendants, general considerations of right and justice dictate that Cincinnati be granted the right to have Defendants' assets applied to Defendants' obligation to post collateral.

61. Specifically, because Defendants have no posted collateral, Cincinnati seeks an equitable lien on the following properties of Defendants':

- 24649 N. Rimrock Rd, Hayden, ID 83835;
- 18006 N. Pope Road, Hayden, IF 83835;
- Any other real or personal property of which Cincinnati becomes aware.

62. Upon information and belief, Defendants have equity in the real property described above and/or have received income and/or other intangible benefits from the operation of R&W as a direct result of Cincinnati's issuance of the Bond or other bonds. The interests of equity and fairness dictate that such equity, income, and/or other intangible benefits should be attached and/or frozen until Cincinnati is repaid.

## **PRAYER FOR RELIEF**

WHEREFORE, for all the foregoing reasons, Cincinnati demands judgment against each of Defendants, jointly and severally, as follows:

- For all losses, expenses, costs and attorney's fees, plus pre- and post-judgment interest at the maximum rate allowed by law, incurred by Cincinnati as a result of the issuance of the Bonds;

- For specific performance of the provisions of the GIA which require Defendants to place Cincinnati in sufficient funds to cover any possible liability or loss for which they are or will be obligated to indemnify Cincinnati under the terms of the GIA;

- For preliminary and permanent injunctive relief requiring Defendants to place Cincinnati in funds by money, property, liens, or security interests in real or personal property, as determined by Cincinnati, and restraining each of them from transferring, disposing or otherwise

liquidating any property, real or personal, beyond reasonable living expenses, during the pendency of this matter;

- For a lien to be placed on the following real properties:

    - 24649 N. Rimrock Rd, Hayden, ID 83835

    - 18006 N. Pope Road, Hayden, ID 83835

- For a security interest to be granted in favor of Cincinnati on any and all rights, title and interest of Defendants' accounts receivable, securities, rents, proceeds of sale, chattel paper, letters of credit, tax refunds, inventory and general intangibles; policies of insurance; intellectual property; and/or real property.

WHEREFORE, for the foregoing reasons, Cincinnati seeks an award against Defendants for costs, interest, attorney's fees as allowed by contract or statute, and such other and further relief as the Court deems just and proper.

Respectfully submitted this 28th day of June, 2018.

THE HUSTEAD LAW FIRM
*A Professional Corporation*

*The Original Signature is on File at*
*The Hustead Law Firm, A Professional*
*Corporation*

*s/Patrick Q. Hustead*

Patrick Q. Hustead, Esq.
Connor L. Cantrell, Esq.
The Hustead Law Firm, *A Professional Corporation*
4643 S. Ulster Street, Suite 1250
Denver, CO 80237
(303) 721-5000
pqh@thlf.com; clc@thlf.com
*Attorneys for Plaintiff The Cincinnati Insurance Company*

Plaintiff's address:

The Cincinnati Insurance Company
P.O. Box 145496
Cincinnati, OH 45250